MOTION TO DISMISS
DOUCET, Judge.
This Court ex proprio motu issued a rule to show cause why the appeal of the appellant-defendant, State of Louisiana, through the Department of Transportation and Development, should not be dismissed for failure to timely perfect the appeal under LSA-C.C.P. Article 2087.
The trial court rendered judgment against the defendant on December 19, 1985. The defendant moved for a new trial on December 27, 1985 and the plaintiffs, Tammaye Rachal, individually and on behalf of Jamie Lynne Rachal, moved for a new trial on January 3, 1986.
The trial court denied the motions for new trial in open court on January 27, 1986. A formal judgment denying the motions for new trial was signed by the trial court on February 4, 1986. The defendant filed a petition for a devolutive appeal on April 1, 1986.
Louisiana Code of Civil Procedure Article 2087 provides in pertinent part:
“Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
* * * * * *
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or”
Louisiana Code of Civil Procedure Article 1914 provides in pertinent part:
“A. When a case has been taken under advisement by the court for the purpose of deciding whether an interlocutory order or judgment should be rendered, the clerk shall make an entry in the minutes of the court of any such interlocutory order or judgment rendered thereafter.
* * * * * *
C. If the interlocutory order or judgment is one refusing to grant a new trial, the delay for appealing commences to run only from the date of the mailing of the notice, as provided in articles 2087 and 2123.”
As the defendant did not request notice of the trial court’s refusal to grant a new trial, the delays for taking a devolutive appeal began to run when the trial court denied the new trial. The minutes of the trial court indicate that the trial court rendered a judgment denying the motions for new trial in open court with both parties present on January 27, 1986. The defendant’s appeal filed April 1, 1986, was therefore untimely perfected as it was not filed within sixty days of the denial of the motion for a new trial on January 27, 1986.
For the foregoing reasons, the defendant’s appeal is dismissed.
APPEAL DISMISSED.